United States District Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FATIMA DEL ROSARIO BETANCOURT, | § § § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-03379 |
| MARK WAYNE MULLIN, *et al.*, | § § § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Fatima Del Rosario Betancourt, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition and attached exhibits reflect that Petitioner is a noncitizen who entered the United States without lawful status in December of 2022 and has since been placed in

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 3

removal proceedings. Doc. No. 1 at 2. Petitioner does not plead facts to show that she has been lawfully admitted into the United States.

Because Petitioner entered without inspection and has not obtained lawful status, she is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). Her arguments regarding bond hearings under 8 U.S.C. § 1226(a) and its implementing regulations are foreclosed by *Buenrostro-Mendez*. Her detention is mandated *by statute* under section 1225(b)(2). Accordingly, Petitioner's Fifth Amendment due process claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Likewise, her arguments regarding the class action in *Maldonado Bautista v. Santacruz*, --- F.Supp.3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), fail because they are based on an interpretation of sections 1225 and 1226 that was rejected in *Buenrostro-Mendez. See Maldonado Bautista*, 2025 WL 3713987, at *8-12, *appeal pending sub nom. Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044 (9th Cir. Mar. 31, 2026) (granting a stay of the declaratory judgment insofar as it extends beyond the Central District of California).

Finally, her claims under the Administrative Procedure Act ("APA") fail because an "adequate remedy in a court" is available via habeas corpus.  5 U.S.C. § 704; *accord Jimenez v. Noem*, Civ. A. No. H-25-5853, at Doc. No. 10 at 5 (S.D. Tex. Feb. 10, 2026) (holding that the petitioner was not entitled to relief under the APA where he was able to challenge his detention through habeas corpus).

Therefore, the Court **ORDERS** as follows:

1.  The petition (Doc. No. 1) is **DISMISSED** without prejudice.

2.  All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this _____18th_____ day of May 2026.

_____

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE